***********
The undersigned have reviewed the prior Stipulated Opinion and Award as to Determination of Beneficiaries based upon the record of the proceedings before Chief Deputy Commissioner Taylor and the briefs and arguments of the parties. The parties have shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses in part and affirms in part the Stipulated Opinion and Award as to Determination of Beneficiaries issued by the Chief Deputy Commissioner.
 ***********
The following documents were submitted to the North Carolina Industrial Commission as stipulated:
 EXHIBITS *Page 2 
1. Stipulated Exhibit 1: Employee's Death Certificate;
2. Stipulated Exhibit 2: Verified Answers to Defendants' First Set of Interrogatories by Kimberly Dimmick;
3. Stipulated Exhibit 3: Industrial Commission Form 29;
4. Stipulated Exhibit 4: Permanent Guardianship Agreement for Erika Jarrett and Savannah Jarrett;
5. Stipulated Exhibit 5: Industrial Commission Form 42s;
6. Stipulated Exhibit 6: Letters of Guardianship of Emily A. Tobias for Erika Jarrett and Savannah Jarrett;
7. Stipulated Exhibit 7: Medical Records;
8. Stipulated Exhibit 8: Final Decree of Divorce.
9. Plaintiff's Exhibit 1: Legal Services Contract and Affidavit from Plaintiffs' attorney.
10. Plaintiff's Exhibit 2: Affidavit of Kimberly Ann Dimmick.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. As of January 27, 2009, the parties were subject to and bound by the North Carolina Workers Compensation Act.
2. As of January 27, 2009, an employee and employer relationship existed between Cape Fear Electric, Inc. [hereinafter "Employer"] and decedent Donald J. Jarrett [hereinafter "Deceased-Employee"]. *Page 3 
3. On January 27, 2009, Deceased-Employee suffered an injury by accident arising out of and in the course of his employment with Employer resulting in Deceased-Employee's death.
4. As of January 27, 2009, Stonewood Insurance Company [hereinafter "Insurer"] was the carrier on the risk.
5. At the time of Deceased-Employee's death, Deceased-Employee's average weekly wage was approximately Six Hundred Fifty Nine 54/100 Dollars ($659.54), yielding a compensation rate of Four Hundred Thirty Nine 71/100 Dollars ($439.71) per week.
6. Defendants stipulate that they are responsible for any medical expenses related to the incident of January 27, 2009, which resulted in Deceased-Employee's death. Defendants have paid Nine Hundred Ninety Four 19/100 Dollars ($994.19) in medical expenses.
7. Defendants stipulate that they are liable for Three Thousand Five Hundred 00/100 Dollars ($3,500.00) in funeral expenses pursuant to N.C. Gen. Stat. § 97-38, to the extent not already paid.
8. Defendants stipulate that the beneficiaries are entitled to compensation payments from the date of death of Deceased-Employee pursuant to N.C. Gen. Stat. § 97-38.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Deceased-Employee sustained a fatal injury by accident that arose out of and in the course of his employment with Defendant-Employer on January 27, 2009, and died as a result of his injuries. *Page 4 
2. Deceased-Employee was not married and had no minor children at the time of his death.
3. At the time of his death, Deceased-Employee was living with Kimberly Dimmick, Savannah Jarrett, and Erika Jarrett.
4. As of January 27, 2009, Deceased-Employee had two surviving adult children: (a) Barbara Ann Jarrett, born November 20, 1980; and (b) Cynthia Marie Jarrett, born November 15, 1981.
5. As of January 27, 2009, Deceased-Employee had seven surviving grandchildren: (a) Savannah L. Jarrett, born July 9, 2000; (b) Erika M. Jarrett, born November 21, 2001; (c) Candida Jarrett, born January 7, 2003; (d) Donald James Jarrett, born November 21, 2005; (e) Rosa Gomez, born January 8, 2007; (f) Kimberly Jarrett, born February 16, 2003; and (g) Richard Jarrett, born May 1, 2006.
6. On August 11, 2008, Deceased-Employee and Kimberly Dimmick were given permanent guardianship of Deceased-Employee's minor grandchildren Erika M. Jarrett, born November 21, 2001, Eight (8) years old; and Savannah L. Jarrett, born July 9, 2000, Nine (9) years old.
7. As of January 27, 2009, Deceased-Employee was survived by two minor grandchildren, Savannah Jarrett and Erika Jarrett, who were wholly dependent for support upon Deceased-Employee's earnings at the time of the injury by accident. Both children are under the age of Eighteen (18) years old.
8. As of January 27, 2009, Kimberly Dimmick was not Deceased-Employee's wife and was not wholly dependent for support upon Deceased-Employee's earnings. *Page 5 
9. Deceased-Employee was previously married to Deborah Balenger. However, Deceased-Employee and Ms. Balenger were divorced, and Deceased-Employee was not married at the time of his death.
10. Attorney Emily A. Tobias was appointed Guardian of the Estate of Erika M. Jarrett and Savannah L. Jarrett by the Clerk of Court for Moore County on October 7, 2009.
11. Other than Erika M. Jarrett and Savannah L. Jarrett, no individual claims to be a partial or total dependent of Deceased-Employee.
12. The undersigned find that the parties stipulate that Deceased-Employee's average weekly wage was approximately Six Hundred Fifty Nine 54/100 Dollars ($659.54), yielding a compensation rate of Four Hundred Thirty Nine 71/100 Dollars ($439.71) per week.
13. The undersigned find that the number of weeks of compensation payments due to a wholly dependent grandchild is four hundred (400) weeks.
14. The undersigned find that Plaintiffs' attorney has submitted a Fee Agreement and Affidavit in accordance with the North Carolina Workers' Compensation Rule 409(7). Said Affidavit requests Twenty Five (25%) percent or Forty-Three Thousand Nine Hundred Seventy-One 00/100 Dollars ($43,971.00) in attorney fees.
15. The undersigned find that this matter involved an accepted claim for death benefits. Attorney for the dependents has requested an attorney's fee of Twenty Five percent (25%) or Forty Three Thousand Nine Hundred Seventy One 00/100 Dollars ($43,971.00). The undersigned find that the amount requested is excessive and is not reasonable based upon the nature of this claim, its complexity, and the skill required. *Page 6 
16. Based on the totality of the circumstances set forth above, the undersigned find that a reasonable fee for Plaintiff's attorney is Eight Thousand Seven Hundred Fifty 00/100 Dollars ($8,750.00). This amount is deemed reasonable and approved as Plaintiffs' attorney fee.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 27, 2009, Deceased-Employee sustained an admittedly compensable injury by accident arising out of and in the course and scope of his employment with Defendant-Employer. Deceased-Employee died as a result of the injuries he received in that accident. N.C. Gen. Stat. §§ 97-2(6) 97-38.
2. Deceased-Employee was not legally married to Kimberly Dimmick at the time of his death. Therefore, she is not Deceased-Employee's widow, and is not presumed to be wholly dependent for support upon the Deceased-Employee. N.C. Gen. Stat. § 97-39.
3. To the extent that Kimberly Dimmick may be considered a common law wife, a common law wife is not entitled to any part of the compensation payable under the provisions of the North Carolina Workers' Compensation Act. Fields v. Hollowell,238 N.C. 614, 78 S.E.2d 740 (1953).
4. At the time of his death, Deceased-Employee was the legal guardian of his minor grandchildren Erika M. Jarrett and Savannah L. Jarrett. Erika M. Jarrett and Savannah L. Jarrett were wholly dependent upon the support of Deceased-Employee at the time of his death. Therefore, benefits are payable to the wholly dependent beneficiaries, Erika M. Jarrett and Savannah L. Jarrett. N.C. Gen. Stat. § 97-38(1). *Page 7 
5. Compensation payments due to a wholly dependent grandchild shall be made for four hundred (400) weeks from the date of death of the Deceased-Employee. N.C. Gen. Stat. § 97-38(3).
6. Defendants shall pay weekly death benefits to Deceased-Employee's wholly dependent grandchild, Erika M. Jarrett, in the amount of Two Hundred Nineteen 85/100 Dollars ($219.85), which is one half (1/2) of the compensation rate of Four Hundred Thirty Nine 71/100 Dollars ($439.71), per week dating from January 27, 2009, and continuing for four hundred (400) weeks. Any accrued amount shall be paid in a lump sum. Benefits shall be paid care of Emily A. Tobias, Guardian of the Estate of Erika M. Jarrett. N.C. Gen. Stat. §§ 97-48, 97-49. Rule 604(2)
7. Defendants shall pay weekly death benefits to Deceased-Employee's wholly dependent grandchild, Savannah L. Jarrett, in the amount of Two Hundred Nineteen 86/100 Dollars ($219.86), which is one half (1/2) of the compensation rate of Four Hundred Thirty Nine 71/100 Dollars ($439.71), per week dating from January 27, 2009, and continuing for four hundred (400) weeks. Any accrued amount shall be paid in a lump sum. Benefits shall be paid care of Emily A. Tobias, Guardian of the Estate of Savannah L. Jarrett. N.C. Gen. Stat. §§ 97-48, 97-49. Rule 604(2)
8. Defendants are obligated to pay Deceased-Employee's reasonable medical expenses related to his fatal accident. N.C. Gen. Stat. § 97-25.
9. Defendants are obligated to pay funeral expenses in an amount up to Three Thousand Five Hundred 00/100 Dollars ($3,500.00). N.C. Gen. Stat. § 97-38. *Page 8 
10. Any attorney seeking fees for the representation of an uncontested claim shall file an affidavit or itemized statement in support of an award for attorney's fees. Rule 409(7), Workers' Compensation Rules of the North Carolina Industrial Commission.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Defendants SHALL pay weekly death benefits to Erika M. Jarrett in the amount of Two Hundred Nineteen 85/100 Dollars ($219.85), care of Emily A. Tobias, Guardian of the Estate of Erika M. Jarrett, dating from January 27, 2009, and continuing for four hundred (400) weeks. Any accrued amount shall be paid in a lump sum as indicated.
2. Defendants SHALL pay weekly death benefits to Savannah L. Jarrett in the amount of Two Hundred Nineteen 86/100 Dollars ($219.86), care of Emily A. Tobias, Guardian of the Estate of Savannah L. Jarrett, dating from January 27, 2009, and continuing for four hundred (400) weeks. Any accrued amount shall be paid in a lump sum as indicated.
3. Plaintiffs' attorney's request for attorney fee of Twenty Five (25%) percent or Forty Three Thousand Nine Hundred Seventy One 00/100 Dollars ($43,971.00) is hereby DENIED. Plaintiffs SHALL pay their counsel of record a reasonable attorney fee in the amount of Eight Thousand Seven Hundred Fifty and 00/100 Dollars ($8,750.00) for the legal services rendered.
4. Defendants SHALL pay Deceased-Employee's reasonable medical expenses related to the fatal accident when the same have been properly submitted for payment pursuant to the Act and Industrial Commission Rules, to the extent not already paid. *Page 9 
5. Defendants SHALL pay funeral expenses up to Three Thousand Five Hundred 00/100 Dollars ($3,500.00) to the person lawfully entitled thereto upon submission of proper documentation of the funeral expenses, to the extent not already paid.
6. Defendants SHALL pay the costs.
This the 16th day of November, 2010.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER